UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LYCAN CAPITAL FUND I, LLC,

                              Plaintiff,

            v.

LEON BARNES,

                              Defendant.

**MEMORANDUM & ORDER**
23-CV-04543 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

On June 20, 2023, Defendant Leon Barnes ("Barnes") filed a notice of removal, *pro se*,

purporting to remove to this Court a foreclosure proceeding from the Supreme Court of the State

of New York, Queens County.  ECF No. 1.[1]  For the reasons set forth below, the action is

remanded to the Queens County Supreme Court pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

Defendant Barnes seeks to remove a foreclosure action, *Lycan Capital Fund I LLC v.*

*Leon Barnes et al.,* Index No. 703129/2013, concerning real property located at 117-19 141st

Street, Jamaica, New York 11436.[2]  ECF No. 1.  The foreclosure action was originally

commenced on June 7, 2013.  ECF No. 1 at 3–4, 8–13.  Barnes asserts that this Court has

diversity jurisdiction over the proceeding under 28 U.S.C. § 1332 because Plaintiff Lycan

Capital Fund I LLC ("Lycan Capital") is allegedly a citizen of Wisconsin, and he is a citizen of

New York.  *Id*. at 2.

---

[1]     Defendant did not file the instant action *in forma pauperis* and paid the filing fee.  ECF
No. 2.

[2]     The caption in the notice of removal does not mirror the caption in the state court
proceeding, which appears to include other named defendants.  *See* ECF No. 1 at 3.
Additionally, although the named plaintiff in the state court documents Defendant Barnes
attaches is listed as "JPMorgan Chase Bank National Association," the named plaintiff in the
state court action is, in fact, Lycan Capital.  *See Lycan Capital Fund I, LLC v. Barnes, Leon et
al.*, Index No. 703129/2013.

## DISCUSSION

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998); *Mehmeti v. Karlin*, No. 23-cv-2046, 2023 WL 2607682, at *2 (E.D.N.Y. Mar. 23, 2023). A court may remand a removed case to state court *sua sponte* if it finds that subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).

The removal statute includes several procedural requirements. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal generally must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Thompson v. Rojas*, No. 21-cv-3748, 2022 WL 4357463, at *2 (E.D.N.Y. Sept. 20, 2022). "Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition." *Levchenko v. Chase Bank USA, N.A.,* No. 10-cv-4268, 2011 WL 1099851, at *1 (E.D.N.Y. Mar. 24, 2011). The defendant seeking removal "shall file . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Pietrangelo v. Alvas Corp.*, 686

2

F.3d 62, 66 (2d Cir. 2012) (finding that the "rule of unanimity" requires that all defendants independently express their consent to removal).

The instant foreclosure action is not removable to this Court for several reasons.  As an initial matter, the notice of removal is defective because it was not served within 30 days after service of the initial pleading as required by 28 U.S.C. § 1446(b)(1).  *See Lycan Capital Fund I LLC v. Leon Barnes et al.,* Index No. 703129/2013, NYSCEF Doc. No. 6 (Affidavit of Service Leon Barnes dated June 20, 2013).  Moreover, removal also may violate the "rule of unanimity" because several other entities and agencies were named and served as defendants in the foreclosure action, yet these other defendants have not joined in the removal petition, as required by 28 U.S.C. § 1446(b)(2)(A).  *See* ECF No. 1 at 8 (naming others as defendants in New York State Supreme Court complaint).

Furthermore, even if the removal was timely filed, the instant action does not present a federal question because the initial pleading in the state court action is a foreclosure complaint and does not allege any facts that would confer subject matter jurisdiction over the action.  For a removal based on diversity jurisdiction, the party seeking removal must show that the plaintiff and defendant are of diverse citizenship and that the amount-in-controversy exceeds $75,000, the jurisdictional amount provided by 28 U.S.C. § 1332(a).  The party seeking to remove the case has the burden of proving that the amount in controversy exceeds the statutory limit to a "reasonable probability." *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 397 (2d Cir. 2003).  Under the "forum defendant" rule, a civil action may not be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *accord Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all

3

named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").
Here, Barnes and other named defendants are residents of the state in which the action was
brought and thus 28 U.S.C. § 1441(b)(2) precludes removal based on diversity jurisdiction.

## CONCLUSION

For the reasons set forth above, removal of the foreclosure action is improper, and the
Court hereby remands the instant action to the Supreme Court of the State of New York, County
of Queens, Index No. 702129/2013, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is respectfully directed to:  (i) immediately send a certified copy of
this Order to the Clerk of the Supreme Court of the State of New York, County of Queens and to
note service on the docket; (ii) mail a copy of this Order to Defendant Barnes; and (iii) close this
case.  The Court's staff will include with the mailing to the *pro se* Defendant copies of the
unpublished decisions cited in this Order, in accordance with the Second Circuit's decision in
*Lebron v. Sanders,* 557 F.3d 76, 79 (2d Cir. 2009).

Although Defendant Barnes paid the filing fee to bring the action, the Court certifies
pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and
therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United
States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Hector Gonzalez*
  HECTOR GONZALEZ
  United States District Judge

Dated: Brooklyn, New York
       June 30, 2023